THE TOWN OF CANDOR, Respondent, *v.* THE TOWN OF TIOGA, Appellant.

*Highway Law — a town is not chargeable with the cost of a bridge to which it has no access — when the certificate of the State Engineer and his approval must be produced — its absence need not be pleaded.*

The provisions of the Highway Law (§ 130 of chap. 568 of the Laws of 1890), providing, among other things, that towns shall be jointly liable to pay the expenses of bridges constructed over streams or other waters forming their boundary lines, only refer to bridges connecting with the town sought to be charged or ending therein, and are not intended to apply to a bridge neither end of which is in the town sought to be charged with the cost thereof, and which is not accessible therefrom, although one of its piers, and the middle portion of it, are situated upon and over land belonging to such town.

Section 145 of the Highway Law provides, in substance, that no town shall be compelled to " pay for an iron or steel bridge exceeding two hundred feet in length, or having a span or spans exceeding one hundred feet in length, constructed therein or upon its borders, until the State Engineer and Surveyor shall certify to the completion of the bridge, pursuant to the contract under which it shall have been constructed, with his approval of the manner of its construction and the material thereof."

*Held,* that a town cannot be charged with a liability to contribute to the construction of such a bridge until the certificate and approval of the State Engineer and Surveyor is produced.

Although such a defense is not set up in its answer, in an action to compel it to pay for the bridge, it is a part of the plaintiff's case to show that this statutory requirement has been complied with.

APPEAL by the defendant, The Town of Tioga, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tioga on the 6th day of March, 1896, upon the report of a referee.

The commissioners of highways of the towns of Owego and Candor, in the county of Tioga, having constructed an iron bridge over Owego creek on a highway running between the towns, this action was brought by the town of Candor against the town of Tioga to recover its proportionate part of the expense thereof. Owego creek runs in a northerly and southerly direction. The town of Owego lies on the easterly side of the stream, and opposite to it, and adjoining each other, are the towns of Candor and Tioga.

One end of the bridge is situate in the town of Owego and the other in Candor, neither end being in the town of Tioga or connecting with any highway therein. It is claimed, however, that a corner of the town of Tioga extends under the middle of the bridge. The referee found " that one of the piers and a portion of said bridge are situated upon and over land within the boundaries of the town of Tioga, but no highway of said town of Tioga touches or directly connects with said bridge."

It was claimed that the commissioners of highways of the towns of Owego and Candor having erected the bridge over a strip of land within the town of Tioga, the latter town became liable to pay a portion of the expense of erecting it.

The referee found " that a highway has been maintained by the public and used and occupied as such, at, upon and over the Owego creek where the    *    *    *    bridge is now located, and leading to the same, at either end of said bridge, since prior to the year 1826." " That prior to, and from and since the year 1826, the portion of said highway bridge lying within the limits of the town of Tioga has been one of the highways of the town of Tioga," thus holding that the middle of the bridge, to which the town of Tioga has no access, and which does not connect with any highway therein, is one of the public highways of said town.

This action was brought under the provisions of sections 130, 134

and 135 of chapter 568 of the Laws of 1890.   Section 130 provides : " The towns of this State, except as otherwise herein provided, shall be liable to pay the expenses for the construction and repair of its public free bridges, constructed over streams or other waters within their bounds, and their just and equitable share of such expenses when so constructed over streams or other waters upon their boundaries, except between the counties of Westchester and New York, and when such bridges are constructed over streams or other waters forming the boundary line of towns, either in the same or adjoining counties, such towns shall be jointly liable to pay such expenses."   Sections 134 and 135 provide for the collection by the town or towns building a bridge, from a town liable but which refuses to aid in the construction thereof, of its share of the expense.

The plaintiff recovered in the court below.

*H. Austin Clark,* for the appellant.

*Martin S. Lynch* and *Frank A. Darrow,* for the respondent.

PUTNAM, J. :

It will be observed that sections 134 and 135, chapter 568, Laws of 1890, only authorize the maintaining of an action by one town against another for its share of the expense of the construction of any bridge where the latter is liable to make or maintain such bridge.   In the language of the statute, " Whenever any two or more towns shall be liable to make or maintain any bridge or bridges, the same shall be built and maintained at the joint expense of such towns, without reference to town lines."

Prior to the enactment of the law of 1890, the town of Tioga would not have been liable to make or maintain the bridge in question, for the reason that it did not connect with any highway in said town.   (*Beckwith et al.* v. *Whalen,* 70 N. Y. 430.)

In the case cited the action was brought under the provisions of chapter 225, Laws of 1841, as amended by chapter 383, Laws of 1857. The act of 1841 (§ 1) contained a similar clause to that of 1890, viz. : " Whenever any adjoining towns shall be liable to make and maintain any bridges over any stream dividing such towns, such bridges shall be built and repaired at the equal expense of said towns, with-

out reference to the town lines," but was silent as to when this liability existed, containing no provision similar to section 130 of the act of 1890. In the case cited, however, it was assumed that " an implied liability is created upon towns divided by a stream, where a bridge would connect an existing highway in the respective towns, to erect at joint expense such bridge, even though none had before existed. But a highway in each town which would be connected by a bridge must pre-exist the liability." It was held that, although the bridge referred to in that case joined the towns of Brighton and Penfield, as it connected with no highway in the latter town, the action could not be maintained. In this case, not only no highway of the town of Tioga connects with the bridge in question, but neither end of the structure is located in the said town, and, in fact, the bridge is practicably inaccessible therefrom. The defendant is sought to be made liable because the commissioners of highways of the towns of Owego and Candor, desiring to connect a highway running through said two towns, have erected a bridge over a strip of land within its boundaries.

The question, then, arises whether the defendant is liable to pay a portion of the expense of erecting the bridge in question under the provisions of section 130, chapter 568, Laws of 1890.

There is some doubt as to the construction that should be given to the above-quoted provisions of that section. With some hesitation we have reached the conclusion that it does not authorize the maintenance of this action. The first provision therein — that " The towns of this State  *  *  *  shall be liable to pay the expenses for the construction and repair of *its* public free bridges, constructed over streams or other waters within *their* bounds " — apparently refers to bridges within the boundaries of one town. The second and third provisions contained in section 130, as to the liability of towns to pay the expenses of the construction of bridges, provide that they shall be liable for " their just and equitable share of such expenses when so constructed over streams or other waters upon their boundaries  *  *  *; and when such bridges are constructed over streams or other waters forming the boundary line of towns either in the same or adjoining counties, such towns shall be jointly liable to pay such expenses.".

This statute should have a reasonable construction. It is difficult to believe that the Legislature intended to make a town liable for the expense of constructing a bridge which does not connect with any land within its boundaries, or with any highway therein, and which is, in fact, inaccessible therefrom, merely because the commissioners of highways of adjoining towns, for their own convenience and purposes, choose to build a bridge, the middle part of which passes over a small strip of land within its boundaries. The provisions of the act of 1890 above quoted should be deemed to refer, we think, to bridges constructed over streams upon the boundaries of the town sought to be charged and connecting with or ending therein. The words " over streams " should be held to refer to cases where one end of the bridge is located on land within the boundaries of the town against which a claim is made and extends to another town, as if, in this case, the bridge had extended from lands within the town of Owego across the creek to lands within the town of Tioga. The language of section 130 is susceptible to and, we think, should be given, such a construction.

It could hardly be claimed that the commissioners of highways of the town of Tioga, without the consent of the other two towns, could have built the bridge in question and compelled those towns to pay their part of the expense. Had the defendant's officers undertaken such a project, the conclusive answer to their proceeding would have been that, having no highway connected with such a bridge, neither end of the structure being within the boundaries of said town, and it being practically inaccessible therefrom, they had no interest in and could not enforce the erection of the bridge.

In considering the intent of the Legislature in enacting section 130 (*supra*), it is proper to bear in mind the law in reference to the liability of a town in such a case, when the act referred to was passed, as enunciated in *Beckwith* v. *Whalen* (*supra*), and that at that time a town was not liable for the expense of constructing a bridge which did not connect with any highway therein. It is a familiar doctrine that, " where one statute was undoubtedly under the consideration of the Legislature when passing another, the former ought, though long since expired, to be taken into consideration in construing the latter statute, and that for the reason that it is the rule in the construction of statutes, that all which relate to the same subject, not-

withstanding some of them may have expired, or are not referred to, must be taken to be one system and construed consistently, and the practice has always been so." (Smith's Com. on Stat. & Const. Law, § 638.)

We are of opinion that the language of section 130 (*supra*) does not render it necessary to hold that it was the intent of the Legislature to make a town liable for the expense of making a bridge that does not begin or end within its boundaries, that connects with no highway therein, and is practically inaccessible therefrom, and in which structure the town has no possible interest.

Section 145 of chapter 568, Laws of 1890, provides as follows: "No town or its officers shall be compelled to accept or pay for an iron or steel bridge exceeding two hundred feet in length, or having a span or spans exceeding one hundred feet in length, constructed therein, or upon its borders, until the State Engineer and Surveyor shall certify to the completion of the bridge, pursuant to the contract under which it shall have been constructed, with his approval of the manner of its construction and the material thereof, and all contracts made for the construction of any such bridge shall be subject to the provisions of this section." We are unable to see why, if the defendant was to be made liable under the contract made by the highway commissioners of the towns of Candor and Owego for the construction of the bridge in question, it was not entitled to the certificate and approval by the State Engineer and Surveyor provided for in the above-quoted section. When contracts by the officers of a town for the construction of such a bridge are made with any person or persons, the parties contract subject to the provisions of the above-quoted section. The certificate of the State Engineer and Surveyor must be procured as to the performance of the contract, and also his approval of the manner of construction of the bridge and the material thereof. The language of the section is that, "*no town*" or "*its officers*" shall be compelled to pay until the certificate and approval of the State officer is obtained. If the defendant is to be compelled to pay a portion of the expense of the bridge incurred under the contract made by the officers of the towns of Candor and Owego, it is entitled to the certificate and approval provided for in the section quoted.

It is suggested by the learned counsel for the plaintiff that no

such defense was asserted in the answer. It was not necessary to set up this defense. It was a part of the plaintiff's cause of action to allege and show the certificate and approval of the State officer, and hence the defendant could, as it did, take advantage of the omission of the plaintiff to allege and prove such certificate and approval on the trial.

Without considering other questions raised, we are of opinion that the judgment should be reversed, with costs, and the complaint dismissed.

All concurred, except PARKER, P. J., not acting.

Judgment reversed and complaint dismissed, with costs.